# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | CIVIL NO. 1:CV-06-1751 |
| **Plaintiff** | : | |
| | : | (Judge Rambo) |
| v. | : | |
| **J. DAWSON, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

**I.   Background**

Plaintiff James A. Paluch, Jr., an inmate currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in LaBelle, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on September 7, 2006. In the complaint, Plaintiff names as defendants four (4) corrections officers from the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"), his former place of confinement, as well as one inmate from SCI-Huntingdon. His complaint spans a time period from April of 2004 through September of 2004, and includes First Amendment claims and Eighth Amendment claims of failure to protect, reckless disregard and deliberate indifference to Plaintiff's safety, and violations of his right to be free from cruel and unusual punishment. Plaintiff requests compensatory and punitive damages.

Presently before the court is Plaintiff's motion for leave to file an amended complaint. (Doc. 60). For the reasons that follow, Plaintiff's motion will be denied.

**II.    Discussion**

Federal Rule of Civil Procedure 15 states, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith." *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993). Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Id*. In addition, amendment of a

complaint would be futile if "the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Denying leave to amend where none of these factors are present is an abuse of discretion. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

In the instant case, Plaintiff seeks to amend his original complaint with claims that "PA DOC Defendants and their PA DOC co-employees" conspired to and did retaliate against Plaintiff for filing a civil action in federal court against them for an incident which occurred in September of 2004. In support of this claim, Plaintiff simply states that these individuals have retaliated against him by placing him in the Special Management Unit ("SMU"), which he asserts is an atypical and significant hardship. However, Plaintiff does not identify "PA DOC co-employees." In fact, it is unclear whether Plaintiff is raising this allegation against the defendants in this action who are employees at SCI-Huntingdon, or against employees of his place of confinement at the time of filing the instant motion, the State Correctional Institution at Camp Hill, Pennsylvania. To that end, Plaintiff does not identify the specific prison location of the SMU at issue.

In addition, it is well-established that prolonged incarceration in administrative or disciplinary segregation is not regarded as imposing an atypical and significant hardship in relation to the ordinary incidents of prison life. *See*

3

*Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Griffin v. Vaughn*, 112 F.3d 703, 708-09 (3d Cir. 1997) (placement in administrative segregation for fifteen months was not an atypical and significant hardship, and did not amount to cruel and unusual punishment).  Thus, an amendment to Plaintiff's complaint based on his placement in the SMU would be futile.[1]  *See Massarsky*, 706 F.2d at 125.

**ACCORDINGLY**, it is hereby **ORDERED** that Plaintiff's motion for leave to amend his complaint (Doc. 60) is **DENIED**.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated:       June 11, 2007.

---

[1] The court also notes that Plaintiff has failed to attach a proposed amended complaint to his motion, as required by Local Rule 15.1.