IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. PALUCH,** | : |
| | : |
| Plaintiff | : CIVIL NO. 1:CV-06-01751 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| **DAWSON, et al.** | : |
| | : |
| Respondents. | : |

**MEMORANDUM AND ORDER**

Presently before the court are Plaintiff James A. Paluch's ("Paluch") motions for reconsideration of the court's memorandum and order of June 12, 2007 (Doc. 72), denying Paluch's motion for leave to amend his complaint. For the reasons that follow, the instant motions (Docs. 89 & 90) will be denied.

**I.   Background**

Paluch, an inmate currently incarcerated at the State Correctional Institution at Fayette in La Belle, Pennsylvania, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on June September 7, 2006. (Doc. 1.) In the complaint, Paluch names as defendants four corrections officers from the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"), his former place of confinement, as well as one inmate from SCI-Huntingdon. His complaint spans a time period from April of 2004 through September of 2004, and includes First Amendment claims and

Eighth Amendment claims of failure to protect, reckless disregard and deliberate indifference to Paluch's safety, and violations of his right to be free from cruel and unusual punishment.

On April 11, 2007, Paluch filed a motion for leave to file an amended complaint. (Doc. 60.) No proposed amended complaint was attached to Paluch's motion. By memorandum and order dated June 12, 2007, the court denied Paluch's motion, noting that Paluch failed to identify the Pennsylvania Department of Corrections ("PA DOC") employees who retaliated against him in the Special Management Unit ("SMU"), or the location of the SMU itself. The court also determined that an amendment to Paluch's complaint based on his placement in the SMU would be futile because of the well-established principle that prolonged incarceration in administrative or disciplinary segregation is not regarded as imposing an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Consequently, Paluch filed the instant motions for reconsideration of the memorandum and order denying his motion for leave to amend his complaint. (Doc. 60.) After careful review, the court will deny the motion.

## II.   Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.

-2-

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Paluch makes several claims in support of his request to have the court reconsider its order denying his motion for leave to file an amended complaint.  First, he contends that he did not comply with the Federal Rules of Civil Procedure and the Middle District Local Rules in failing to attach a proposed amended complaint because he was not familiar with those rules.  He then proceeds to make complaints about the SMU law library at his current place of confinement.  Further, he repeats the original allegations regarding his transfer to the SMU.  In his attached proposed amended complaint, Paluch adds a new defendant, as well as a new cause of action under the Americans with Disabilities Act.  (*See* Doc. 89-4 at 1, 11.)

Applying the standard to be applied when a party seeks reconsideration to the instant motions, the court concludes that Paluch has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law and no error of law or fact.  Additionally, none of the evidence he presents in his motions, including his restated arguments, constitutes new evidence that was not available when the court entered judgment.  In sum, after reviewing the court's memorandum and order of June 12, 2007 (Doc. 72), the court finds no basis to reconsider the earlier finding that Paluch should not be granted leave to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED THAT Paluch's motions for reconsideration (Docs. 89 & 90) are DENIED.

                               s/Sylvia H. Rambo
                               SYLVIA H. RAMBO
                               United States District Judge

Dated:  August 22, 2007.