IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.** | : | |
| | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-06-01751 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **J. DAWSON,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is a motion to compel discovery filed by Plaintiff James A. Paluch, Jr. (Doc. 82.) Specifically, Paluch is seeking responses to a request for production of documents he served upon Defendants on May 4, 2007. (*See* Doc. 63.) For the reasons that follow, the motion to compel (Doc. 82) will be granted in part, deferred in part, and denied in all other respects.

**I.   Background**

Paluch initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 7, 2006, while confined at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill").[1]  (Doc. 1.)  Paluch sets forth allegations against several employees of the State Correctional Institution in Huntingdon,

---

[1] Paluch is currently incarcerated at the State Correctional Institution at Fayette, in LaBelle, Pennsylvania ("SCI-Fayette").

Pennsylvania ("SCI-Huntingdon" or "SCIH"), his former place of confinement. He contends that Defendants violated his constitutional rights by failing to protect him from his cellmate, Roger Smith, whom he contends has a history of aggressive and assaultive behavior. Specifically, Paluch alleges that he informed Defendants of his fear for his own safety before Smith assaulted him in their cell on September 9, 2004. As relief he seeks compensatory and punitive damages.

Defendants filed an answer to the complaint on January 9, 2007. (Doc. 38.) Since that time, the parties have been engaging in discovery. On September 6, 2007, the court issued an order setting the deadline for completion of discovery for December 31, 2007. (Doc. 97.) Outstanding are issues relating to discovery disputes regarding a request for production of documents (Doc. 63) served upon Defendants. Those issues will be discussed herein.

**II.    Discussion**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly. The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged

matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Rule 26(b)(2) authorizes a court to limit discovery where

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i)-(iii). However, when there is no doubt about relevance, a court should tend toward permitting discovery. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265-66 (E.D. Pa. 1992).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing

party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

On May 4, 2007, Paluch served a request for production of documents on the Defendants in this action. Paluch also submitted to the court a copy of this discovery document, which contains forty-two (42) requests. (Doc. 63.) On June 5, 2007, Defendants responded to the requests by providing documentation or reserving the right to supplement their response at a later date, or by objecting on the basis of relevancy, privilege, or security concerns.[2] At issue here are Defendants' objections to Plaintiff's request for production of documents.[3] Those

---

[2] Paluch filed the instant motion to compel on July 17, 2007. Initially, he contends that Defendants' answer to his request for production of documents was untimely and, thus, all objections have been waived. (Doc. 82 at 2.) Specifically, he asserts that the response was not deposited in the mail until June 5, 2007, and that he did not receive it until June 7, 2007. (*Id*.) In their opposition to the motion to compel, Defendants assert that, taking into account the additional three (3) days added to the 30-day prescribed period after service is made pursuant to Fed. R. Civ. P. 6(a), at most the response was one (1) day late. (Doc. 109 at 3-4.) Defendants contend that this 1-day delay is *de minimis*, and should be excused in light of Rule 1 of the Federal Rule of Civil Procedure's admonition that "These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The court agrees. As such, the court rejects Paluch's argument here, and will address the merits of the motion to compel.

[3] Not disputed by the parties are the following numbered requests: 1-5, 7, 10, 11, 14, 23, 25, 27, 35 - 36, 40, and 42. Thus, these requests will not be

objections have been grouped together into four categories for purposes of analysis. The court will review the requested documents by category and the objections Defendants raise thereto in an effort to resolve the instant discovery dispute and place the case back in a posture to be resolved. The court will also review Paluch's objections to Defendants' responses to certain of his original discovery requests.

### A.     **Defendant Objection - Release of Maps and Diagrams of SCI-Huntingdon**

Defendants object to Paluch's request for the release of maps and diagrams of SCI-Huntingdon. Those requests are detailed as follows.

In Request No. 6, Paluch requests "All maps, drawings, sketches, photographs, motion pictures, videotapes and similar documents with respect to any matter at issue in the case." (Doc. 63 at 2.) In Request No. 15, Paluch requests the "Layout drawing of the RHU at SCIH." (*Id*. at 3.) In Request No. 16, Paluch requests the "Layout drawing of SCIH RHU G-Unit D-Quad (close-up), including diagrams of cells, doors with tray slots, shower stalls, where cameras are

---

discussed herein. Additionally, in the motion to compel Paluch accepts as true the response to Request No. 20. (Doc. 82 at 10.) As no new information with respect to that request has presented itself, the court will not address Request No. 20, although Paluch appears to now object to Defendants' response to that request in his response to Defendants' brief in opposition to the motion to compel. (*See* Doc. 118 at 12.)

5

located, where electronic/magnetic counter plates are located on the walls, stairways, entrance/exit doorways, security bubble, aluminum partition, etc." (*Id.*) In Request No. 17, Paluch requests the "Layout drawing of inside RHU G-Unit D-Quad Cell 1009 (SCIH), including doorway, trayslot location, bunks, desk, sink and toilet, window, shelf, etc." (*Id.*)

Defendants raise the same objection to all four requests set forth above. Specifically, Defendants reason that the above-requested documents reveal privileged and confidential information which, if released, may jeopardize the safety and security within the institution. (Doc. 110 at 5, 7-8.) They assert that maps and sketches of SCI-Huntingdon may be used by Paluch or other inmates to plan an escape from the institution. (*Id.*) Paluch counters that he requires these documents for trial in order to show the jury the crime scene. (Doc. 118 at 10.)

The court agrees that Defendants' concerns are valid and that the above-referenced records must be kept confidential in the interests of prison safety and security. As such, the motion to compel will be denied with regard to Request Nos. 6, 15, 16, and 17.

**B.     Defendant Objection - Overbroad, Irrelevant or Not Reasonably Calculated to Lead to Discovery of Admissible Evidence**

Defendants object to a number of Paluch's requests based on their being "overbroad, irrelevant or not reasonably calculated to lead to discovery of admissible evidence." Those requests are as follows.

In Request No. 9, Paluch requests "Any reports of any investigation carried out with respect to this matter or any matter at issue in this case on behalf of the Defendants or the Plaintiff from February 17, 2004 to the present." (Doc. 63 at 2.) In Request No. 19, Paluch requests "SCIH RHU Log Book Records, including cell exchange reports and photograph records for both D-Unit and G-Unit from May 27, 2004 to February 1, 2005." (*Id*. at 8.)

Defendants reason that both requests are "overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 110 at 5, 8.) Specifically, they assert that the only relevant documentation within each request is that which relates to the incident between Paluch and inmate Roger Smith on September 9, 2004. Consequently, Defendants provided Paluch with copies of his initial grievance and all related responses and appeals, as well as the log book pages for September 9, 2004. (*Id*.) The court finds that this is an adequate response to the requests and will not direct the production of any further

documentation in response to said requests.  Therefore, the motion to compel will be denied with regard to Request Nos. 9 and 19.

In Request No. 18, Paluch requests "Any and all PA DOC [(Department of Corrections)] inter-departmental, inter-facility reports or memorandums [*sic*], including any incident reports or other official documents filed against Defendants by other PA DOC employees or their affiliates during their employment in the PA DOC to the present."  (Doc. 63 at 3.)  Defendants assert that "the contents of the Defendants' personnel files are privileged and confidential and its release would violate Defendants' privacy rights."  (Doc. 110 at 8.)  In response, Paluch states that he needs this information "for investigative purposes only" which relate to his case strategy.  (Doc. 118 at 13.)  While it is true that district courts generally reject broad prohibitions against discovery such as those proposed by Defendants here, Paluch's request is not limited in any way.  *See Brandon v. Beard*, 140 F.R.D. 328, 329 (M.D. Pa. 1991).  Rather, he seeks entire files without listing any specific information.  Consequently, the court agrees with Defendants that Paluch is seeking information here which would be irrelevant to the allegations contained in the instant complaint.  As such, unless Paluch can specify what type of information he is seeking from this documentation and how it is relevant to the

8

pending claims in this action, the motion to compel will be denied with regard to Request No. 18.

In Request No. 28, Paluch requests "Photographs of all Defendants, including Smith during 2004." (Doc. 63 at 4.) Defendants object to this request as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 110 at 10.) Further, Defendants provided Paluch with a photograph of inmate Smith. (*Id*.) Paluch responds that he requires these photographs for identification purposes with regard to an investigation and witness testimony. (Doc. 82 at 13.) In addition, he claims that the photograph of Smith is unclear and unacceptable. The court concludes that Paluch has not demonstrated adequately the relevance of his request for photographs of all Defendants, and, thus, will not compel their discovery. However, should Defendants have any other photographs of inmate Smith taken during the relevant time period, they are directed to further respond to Paluch's request.

In Request No. 30, Paluch requests "A copy of the PA DOC Employee and/or Correctional Officer Handbook/Manual." (*Id*. at 4.) Defendants object to this request, claiming no knowledge of such a handbook or manual. (Doc. 110 at 11.) They did, however, provide Paluch with relevant sections of the DOC's Code of Ethics. (*Id*.) In his response, Paluch requests that should another handbook or

9

manual concerning the DOC's code of ethics be found by Defendants that he be permitted to inspect it. (Doc. 82 at 14.) The court finds this to be a sufficient resolution of this request and will not direct the production of any further documentation in response to said request.

### C.  Defendant Objection - Release of Personal Information Concerning Defendants

Defendants object to a number of Paluch's requests for personal information of Defendants not necessarily relevant to the claims in the instant complaint. As the court has already addressed Paluch's Request Nos. 18 and 28, only Request No. 41 will be addressed here.

In Request No. 41, Paluch requests "The social security number, personal addresses (home resident), and date of births of all Defendants." (Doc. 63 at 5.) Defendants object to this request, asserting, "The release of such private information may subject the Defendants to retaliation, identity theft or other illegal activity . . . ." (Doc. 110 at 13.) In his response, Paluch "assures the court that the information requested will only be used for litigation purposes and matters related in good faith." (Doc. 82 at 18.) In addition, he withdraws his request for Defendants' social security numbers. (Doc. 118 at 12.) The court finds Defendants' concerns valid and agrees that such personal information must be

kept confidential in the interests of Defendants' constitutional right to privacy, as well as their personal security and safety. As such, the motion to compel will be denied with regard to Request No. 41.

> **D.**     **Defendant Objection - Release of Privileged Department Procedure Manuals**

Defendants object to a number of Paluch's requests for release of privileged DOC procedure manuals.[4]   Paluch's requests are as follows.

In Requests Nos. 31-33, Paluch makes requests with respect to DOC Policy 6.5.1, entitled "Administration of Security Level 5 Housing Units." Specifically, in Request No. 31, Paluch requests "PA DOC Policy 6.5.1 in effect at time of September 9, 2004." (Doc. 63 at 4.) In Request No. 32, Paluch requests "PA DOC Policy 6.5.1 effective 2005." (*Id*.) In Request No. 33, Paluch requests "PA DOC Policy 6.5.1 effective at present." (*Id*.)

---

[4] In Request No. 38, Paluch requests "PA DOC Policy concerning the assignments of single and double celling prisoners, including procedures to be followed in situations where a cellmate(s) may express concern for his/her personal welfare and safety where probable cause may exist for the need to separate cellmates due to emergencies and/or security concerns." (Doc. 63 at 5.) In their brief in opposition to the motion to compel, Defendants withdraw their objection to this request. (Doc. 109 at 7.) Defendants have provided Paluch with documentation requested in Request No. 38. (*See* Doc. 110 at 12.) Thus, the court will not address Request No. 38 herein.

11

In Request No. 34, Paluch requests "PA DOC Policy 'Use of Video' in effect at time of September 9, 2004." (*Id*.)  The request is in reference to superseded DOC policy 6.5.4, entitled "Use of Videotape for RHU/SMU Receptions."

In Request No. 37, Paluch requests "PA DOC and/or SCIH 'RHU Operations Manual.'" (*Id*. at 5.)  And, in Request No. 39, Paluch requests "In accordance with paragraph number 34 above, any policy and procedures regarding the operations, maintenance, retrieval, handling, storage, preservation, protection, and safekeeping of video surveillance equipment, video tapes, cameras, photographs, etc." (*Id*.)

Defendants provided the policies themselves to Paluch, but object to the request for the procedure manuals to those policies.  They reason that the above-referenced requested documents, if released, would reveal confidential information which would jeopardize the safety and security of DOC institutions.  In support of their position, they submit the declaration of Jeffrey A. Beard, Secretary of the Pennsylvania DOC.  (Doc. 110 at 16-19.)  Beard states that if the documents requested above were made available to an inmate, the secure and orderly operation of the DOC would be seriously compromised.  (*Id*. at 17-18.)  If an inmate obtained a copy of a procedures manual, he would most likely share it with

other inmates. He could use the information in the manuals to plan to overcome staff and plan escape from the unit. Beard specifically points to sensitive sections entitled "Unit Access" and "Security Operations." (*Id*. at 17.) The information in those sections, which detail where staff keep keys to various doors and cells, could be used against staff members. (*Id*. at 17-18.)

The court concludes that Defendants' concerns are valid and that the procedure manuals to the relevant DOC policies must be kept confidential in the interests of prison safety and security. As such, the motion to compel will be denied with regard to Request Nos. 31-33, 37, and 39.

### E. **Plaintiff Objection - Incomplete Response to Request**

Paluch objects to a number of Defendants' responses to his request for production of documents. Those objections are as follows.

In Request No. 8, Paluch requests "All PA DOC Official documents (e.g., DC-141, DC-121, DC-135A, DC-804, etc.) and reports prepared, received, or intercepted by PA DOC employees, inmates/prisoners in the custody of the PA DOC, which may contain information about the incident in question or with respect to any matter at issue in this case." (Doc. 63 at 2.) In Request No. 24, Paluch requests "Copies of any and all DC-804 Official Inmate Grievance forms filed by other prisoners while at SCIH RHU G-Unit regarding or concerning the

13

incident in question which occurred on September 9, 2004, which contains information about the Plaintiff, Defendants, and Smith, or with respect to any matter at issue in this case." (*Id*. at 4.) In Request No. 26, Paluch requests "Any and all DC-135A 'Request to Staff Member' forms written and submitted to Defendants Mosely, Kendrick, and Edwin Wilt, or any other PA DOC employee, by Plaintiff and/or Smith who requested to be separated from each other (and/or moved) from August 24, 2004 to September 9, 2004." (*Id*.)

In response to these requests, Defendants provided Paluch with misconduct report numbers A686539, 673515, and 673516 and all relevant reports and appeals. (Doc. 110 at 5.) In addition, Defendants provided copies of Paluch's grievance number 95700 and all relevant responses and appeals. (*Id*.) Defendants also agreed to supply Paluch with any relevant grievance forms, if and when they are located. (*Id*. at 9.) Defendants also provided copies of a number of "Request to Staff Member" forms filed by Paluch on September 8, 2004. (*Id*. at 10.)

Paluch claims these responses are incomplete. Specifically, he further requests the misconduct report issued to Smith, number A686540, with regard to the September 9, 2004, incident, as well as any other grievances filed by other prisoners which may refer to the September 9, 2004, incident. The court concludes that Smith's misconduct report, A686540, is relevant to the present

14

claims, and directs Defendants to respond to Paluch's request for that report. Further, the court finds that Defendants response to Request No. 24 is adequate and will not direct the production of further documentation in response to said request, until and if further documentation is found.

In Request No. 12, Paluch requests "Copies (in color) of the Polaroid® photographs taken of Plaintiff's injuries, Smith's injuries, the crime-scene area (GD-1009 cell), and any other photographs taken on September 9, 2004, or thereafter which pertain to the issues of Plaintiff's complaint." (Doc. 63 at 2.) In response to this request, Defendants informed Paluch that they have not been able to locate any photographs taken on the incident date. (Doc. 110 at 6.) However, Defendants have agreed to produce any such documents, if and when they are found. (*See* Doc. 109 at 5.) The court finds that this is an adequate response to the request and will not direct the production of any further documentation in response to said request, until and if further documentation is found.

In Request No. 13, Paluch requests

> Copies (in natural color of the recorded video surveillance for the Restricted Housing Unit at SCI-Huntingdon [hereinafter "RHU" and "SCIH," respectively]) of the recorded video surveillance which Plaintiff requested to be preserved and protected from harm as specifically identified in Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 12 [10/16/06]) and Brief in Support of PI/TRO (Doc. 13 [10/16/06]), including the

>video recorded of Plaintiff during the RHU intake at SCIH on May 27, 2004 and at SCI-Somerset on February 3, 2005.

(Doc. 63 at 3.) In response, Defendants permitted Paluch to view a copy of the videotape taken of his intake in the RHU on February 3, 2005. (Doc. 110 at 7.) However, Defendants have been unable to locate any other relevant videotapes, but reserved the right to supplement their answer should further video evidence be located. (*Id*.) In response, Paluch requests the court compel Defendants to inform him of location of these videotapes if their chain of custody is known. (Doc. 82 at 7.) As Defendants have made it clear that their search for relevant videotapes has not ended, the court will defer Paluch's motion to compel such a response from Defendants at this time.

In Request No. 21, Paluch requests "PA DOC Medical Records of Plaintiff from October 8, 1991 to present, including, but not limited to photographs of injuries, x-rays, sick call request forms, etc." (Doc. 63 at 3.) In Request No. 22, Paluch requests "Psychiatric and psychological records of Plaintiff from October 8, 1991 to present while in PA DOC custody." (*Id*. at 4.) Defendants informed Paluch that pursuant to DOC policy DC-ADM 003, "Release of Information," Paluch may view the medical and mental health records by first submitting a DC-135A ("Inmate's Request to Staff Member") form for permission to view them.

(Doc. 110 at 9.)  In response, Paluch asserts that he has submitted the DC-135A form to the DOC Health Care Administrator but has received no response to date. (Docs. 82 at 10, 118 at 6.)  The court concludes that Paluch is entitled to view these records, and directs Defendants to further respond to Paluch's supplemental request.

In Request No. 29, Paluch requests "Photographs of Plaintiff since 2001." (Doc. 63 at 4.)  In response, Defendants provided a photograph of Paluch, which Paluch claims is unclear and unacceptable.  The court concludes that Defendants response to the request is adequate.  However, should Defendants have any other photographs of Paluch taken during the relevant time period, they are directed to further respond to Paluch's request.

### III.  Conclusion

Based on the foregoing, it is clear that Defendants have largely complied, in a good faith effort, with the discovery requests served upon them by Paluch.  They have made documents available for inspection which are not privileged, irrelevant, overbroad or objectionable on any other basis.  However, certain requests, discussed herein, remain outstanding.  As such, Defendants will be directed further respond to Paluch's requests, as outlined herein, prior to the end of discovery, December 31, 2007.

    An appropriate order will issue.

                                            s/Sylvia H. Rambo  
                                            SYLVIA H. RAMBO  
                                            United States District Judge

Dated: December 12, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.** | : | |
| | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-06-01751 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **J. DAWSON,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 12th day of December, 2007, upon consideration of Plaintiff's motion to compel discovery (Doc. 82), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that

    1. The motion to compel (Doc. 82) is GRANTED in part, DEFERRED in part, and DENIED in part.

        a. The motion is GRANTED in part as follows:

            i. Defendants are directed to provide inmate Smith's misconduct report number A686540, relating to the September 9, 2004, incident.

            ii. Defendants are directed to permit Plaintiff to view his medical and mental health records from October 8, 1991 to present.

      b.  The motion is DEFERRED in part, pending completion of the Department of Corrections' investigation and prior to the end of discovery, December 31, 2007.  The following requests are deferred:

          i. Request Nos. 12, 13, and 29, relating to photographs and videotape evidence of Plaintiff during the relevant time period.

          ii.  Request No. 24, relating to copies of inmate grievances filed by other prisoners which contain information regarding the September 9, 2004, incident.

          iii.  Request No. 28, relating to photographs of inmate Smith.

      c.  The motion is DENIED in all other respects.[5]

2.  Plaintiff's request for the imposition of sanctions upon Defendants is DENIED.  Further, Plaintiff's request for compensation from Defendants is DENIED.

3.  Plaintiff's request for a protective order is DENIED.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

---

[5] With respect to Request Nos. 6, 15-17, the court will permit Plaintiff to submit for *in camera* review a declaration of how his specific requests for these items assists his case and how such requests pertain to the issues in the case.  Such a filing must be submitted to the court prior to the end of discovery, December 31, 2007.