IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.** | : | |
| | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-06-01751 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **J. DAWSON,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is Defendant Roger Smith's motion for relief from default judgment under Rule 60 of the Federal Rules of Civil Procedure. (Doc. 178.) For the reasons set forth below, the motion will be denied.

## I. Background

Plaintiff James A. Paluch initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 7, 2006, while confined at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill").[1] (Doc. 1.) Paluch names as defendants several employees ("Corrections Defendants") of the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), his former place of confinement, and his cellmate at SCI-Huntingdon, Roger Smith.

---

[1] Paluch is currently incarcerated at the State Correctional Institution at Fayette, in LaBelle, Pennsylvania ("SCI-Fayette").

He contends that Corrections Defendants violated his constitutional rights by failing to protect him from Defendant Smith, whom he contends has a history of aggressive and assaultive behavior. Specifically, Paluch alleges that he informed Corrections Defendants of his fear for his own safety before Defendant Smith assaulted him in their cell on September 9, 2004. Further, he asserts that Defendant Smith acted in concert with Corrections Defendants in orchestrating the assault on Paluch. As relief he seeks compensatory and punitive damages.

By order dated September 18, 2006, the court directed service of the complaint on all defendants named therein. (Doc. 7.) Defendant Smith received a summons and a copy of the complaint on October 2, 2006. (*See* Doc. 179 at 4.) On October 23, 2006, Defendant Smith filed an inmate's request to staff member form with SCI-Huntingdon officials, requesting assistance in responding to the complaint. (*Id.*) In that request, Defendant Smith noted that the summons indicated that he must respond to the complaint within twenty days, and seventeen days had already passed. (*Id.*) The staff member response, dated October 24, 2006, stated, "I talked to my contact. You should relax and wait. The Attorney General's office will take this case." (*Id.*)

Corrections Defendants filed an answer to the complaint on January 9, 2007. (Doc. 38.) Defendant Smith was not a named defendant in that answer. To

date, Defendant Smith has neither filed a response to the complaint nor sought an extension of time in which to do so.

Paluch filed a motion for entry of default as to Defendant Smith on January 4, 2007. (Doc. 37.) Defendant Smith did not file a response to the motion at that time. On April 2, 2007, the Clerk of Court entered default judgment as to Defendant Smith for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 57.)

On June 6, 2008, Defendant Smith filed the instant motion for relief from default judgment under Rule 60 of the Federal Rules of Civil Procedure. (Doc. 178.) Defendant Smith claims that he was led to believe that Raymond W. Dorian, assistant counsel for the Department of Corrections' ("DOC"), was representing him in this case. (*Id.*) In support, Defendant Smith has attached the SCI-Huntingdon official's October 2006 response to his request for legal assistance, which states that the Attorney General's office would handle the case. (Doc. 179 at 4.)

## II.   Discussion

A court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Where a judgment by default has already been entered, it may be set aside

in accordance with Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").  *See* Fed. R. Civ. P. 55(c).  Rule 60(b) lists as possible grounds for relief: "mistake, inadvertence, surprise, or excusable neglect . . . ."  Fed. R. Civ. P. 60(b)(1).  As a default judgment has already been entered in this case, Rule 60(b) provides the appropriate analytical framework in this instance.

The determination of whether to set aside a default judgment under Rule 60(b) is not resolved by "a rigid formula or [a] per se rule," but is within the sound discretion of the court.  *See Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419 (3d Cir. 1987) (citation omitted).  In exercising that discretion, the court must consider: (1) whether the plaintiff would be prejudiced if the default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).

However, a threshold matter that must be satisfied before one can prevail on a Rule 60(b) motion is that such a motion be filed within a reasonable time; stated differently, one cannot prevail on a Rule 60(b) motion by simply succeeding with respect to, and thus a court need not even engage in, the three-part analysis set forth above if the Rule 60(b) is not timely filed.  *See Defeo v. Allstate Insurance Co.*, No. 95-244, 1998 WL 328195, at *5 (E.D. Pa. 1998) ("a Rule 60(b) movant

as a threshold matter must provide 'a good reason for any delay in filing'"). The basis for this statement is Rule 60 itself, which provides, in pertinent part, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Applying the above-stated standard to the facts in this case, the court finds, as a threshold matter, that Defendant Smith's Rule 60(b) motion was not filed within a reasonable time. Initially, Defendant Smith's neglect in answering the complaint within twenty days of service as required by Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure is excusable because of the SCI-Huntingdon staff member's response to his request for assistance in responding to the complaint led him to believe that he had legal representation. (*See* Doc. 179 at 4.) However, that staff member response does not excuse Defendant Smith's failure to file the instant motion until fourteen months after the Clerk of Court entered default judgment as to him. Notably, Defendant Smith states that he has received copies of all motions filed in this case. (Doc. 178 at 1.) Therefore he had an obligation to address Paluch's motion for entry of default in a timely manner, as well as the default judgment itself, yet he failed to do so until fourteen months had passed since default judgment was entered. Simply stated, waiting more than one year

after receiving something as fatal as entry of default is unreasonable.  Thus, the court finds that Defendant Smith's instant motion was not filed within a reasonable time.  Furthermore, having made such a finding, the court need not engage in the three-part analysis devised by the Third Circuit for adjudicating Rule 60(b) motions that have been brought to set aside default judgments.  Because Defendant Smith's motion was not filed within a reasonable time, his motion for relief will be denied.

     An appropriate order will issue.

                                  s/Sylvia H. Rambo  
                                  SYLVIA H. RAMBO  
                                  United States District Judge

Dated:  September 3, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JAMES A. PALUCH, JR.**              :
                                  :
   **Plaintiff**         :     **CIVIL NO. 1:CV-06-01751**
                                  :
   v.                    :     **(Judge Rambo)**
                                  :
**J. DAWSON,** *et al.,*              :
                                  :
   **Defendants**        :

## **O R D E R**

Upon consideration of the motion for relief from default judgment under Rule 60 of the Federal Rules of Civil Procedure (Doc. 178), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion (Doc. 178) is **DENIED**.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: September 3, 2008.