IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. PALUCH, JR.,** : | |
| : | |
| **Plaintiff** : | **CIVIL NO. 1:CV-06-01751** |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **J. DAWSON,** *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Before the court is Plaintiff James A. Paluch's motion for summary judgment, or in the alternative, for a spoliation charge. (Doc. 291.) This case arises from an alleged assault on Plaintiff by his cell mate in their cell at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"). Plaintiff alleges that Defendants, who are several employees at SCI-Huntingdon, are liable for damages resulting from that assault. For the reasons that follow, the motion will be denied.

## I. **Background**[1]

The alleged assault underlying this action occurred on September 9, 2004. (Doc. 1 at 7-8.) Plaintiff claims that his cell mate, Roger Smith, assaulted him in their

---

[1] Because the facts and procedural background of this case have been described in detail in the court's memorandum and order of June 16, 2009, denying Defendants' motion for summary judgment (Doc. 293), the court will only address the background relative to the instant motion.

cell in SCI-Huntingdon's Restricted Housing Unit ("RHU") on that date. (*Id.*) In connection with this assault, Plaintiff contends that Defendants failed to protect him from Smith, whom he contends had a history of assaultive and aggressive behavior. (*Id.*) Further, he contends that he complained to Defendants and feared for his safety prior to the assault. (*Id.* at 6-7.) Defendant Dawson was present at Plaintiff's cell door at the time of the assault. (*See* Doc. 292 at 2; Doc. 281-3, Boskie Dep., Nov. 8, 2007, 30-31.)

According to Plaintiff, video cameras constantly recorded the RHU cell block on September 9, 2004, including the area directly outside his cell. (Doc. 292 at 2.) As a result, there existed video footage of the events which took place at Plaintiff's cell door on that date. (*Id.*) In addition, other video cameras recorded activities occurring after the assault, including the taking of any photographs and any medical care given to Plaintiff. (*Id.*) In his initial request for administrative remedies filed with prison officials on September 10, 2004, the day after the assault, Plaintiff expressly stated that Defendant Dawson's actions related to assault were recorded on the RHU video camera. (Doc. 291-9 at 3, Ex. G.)

Further, Plaintiff claims that SCI-Huntingdon staff took seven photographs of Plaintiff, multiple photographs of Plaintiff's cell, and multiple photographs of inmate

2

Smith following the assault. (*Id.*) He contends that Defendants have produced only two photographs of Plaintiff and two photographs of inmate Smith. (*Id.*) He now claims that the remaining photographs were either lost, destroyed, or withheld from Plaintiff. (*Id.*) In the alternative, he claims that if Defendants never took these photographs, they breached their duty to preserve evidence of the assault. (*Id*. at 2-3.) In his initial request for administrative remedies filed with prison officials on September 10, 2004, the day after the assault, Plaintiff states that Polaroid photographs were taken of his injuries, but does not state the number of photographs taken. (Doc. 291-9 at 3.)

On September 7, 2006, Plaintiff commenced a civil action against Defendants in this court by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) By order dated September 18, 2006, the court directed service of the complaint on all the defendants named therein.[2] (Doc. 7.) Defendants filed an answer to the complaint, (Doc. 38), and a period of discovery was completed on July 14, 2008, (*see* Doc. 163). Further, the deadline for dispositive motions was August 1, 2008. (*See id.*) On that

---

[2] In his complaint, Plaintiff named as a defendant Roger Smith, his cell mate. (Doc. 1.) On April 2, 2007, the Clerk of Court entered default judgment as to Defendant Smith for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 57.) In a memorandum and order dated September 3, 2008, the court denied Defendant Smith's motion to set aside default judgment. (Doc. 245.)

3

date, Defendants filed a motion for summary judgment, statement of facts, and supporting brief. (Docs. 225, 226 & 227.) After the court granted Plaintiff five extensions of time in which to respond to the motion for summary judgment, (*see* Docs. 238, 248, 253, 264 & 269), Plaintiff filed his brief in opposition on April 9, 2009, (Doc. 281). By memorandum and order dated June 16, 2009, the court denied Defendants' motion for summary judgment. (Doc. 293.)

On June 9, 2009, Plaintiff filed the instant motion for a spoliation charge. (Doc. 291.) In that motion, Plaintiff initially requests summary judgment in his favor based on the spoliation of the video and photographic evidence. Because the deadline for filing dispositive motions had passed at the time Plaintiff filed the instant motion, the motion for summary judgment (Doc. 291) will be denied as untimely. However, the court will address Plaintiff's motion for a spoliation charge.

## II. Discussion

Plaintiff contends that Defendants' intentional discarding or destruction of the video and photographic evidence related to his claims against them prohibits him from corroborating his claims with such evidence, thereby entitling him to summary judgment or, in the alternative, an adverse inference instruction, as a sanction for spoliation of the evidence. As the court has already determined that summary

judgment is not warranted in this case, the court will address whether the rule permitting an adverse inference instruction is applicable here.

As a general rule, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence." *Howell v. Maytag*, 168 F.R.D. 502, 505 (M.D. Pa. 1996). Courts define "spoliation" as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Ogin v. Ahmed*, 563 F. Supp. 2d 539, 542 (M.D. Pa. 2008). When a party has destroyed evidence, courts may appropriately impose sanctions, including dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the "spoliation inference," which permits the jury to presume that "the destroyed evidence would have been unfavorable to the position of the offending party." *Id*. (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994)). Courts must consider the facts and circumstances when fashioning an appropriate sanction, but ultimately the use and fashioning of sanctions appertain to "the inherent power of district courts . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Baliotis v. McNeil*, 870 F. Supp. 1285, 1289 (M.D. Pa. 1994) (citing

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted)).

As other courts within the Third Circuit have observed, relevant authority requires that four factors be satisfied for the rule permitting an adverse inference instruction to apply: (1) the evidence in question must be within the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable. *Ogin*, 563 F. Supp. 2d at 543 (citing *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 336 (D.N.J. 2004)). It has also been recognized that "[w]hile a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Ogin*, 563 F. Supp. 2d at 543 (citing *Mosaid*, 348 F. Supp. 2d at 336)).

Further, in determining whether a sanction is appropriate, courts contemplate the following factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party

and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Schmid*, 13 F.3d at 79.

### A. Videotape Evidence

There is no question that the videotape evidence was intentionally destroyed in the normal course of operations, despite Plaintiff's request for administrative remedies in which he expressly states that Defendant Dawson's actions with respect to the assault were recorded by the RHU video camera. Accordingly, the court will discuss the three factors for determining whether a sanction is appropriate. *See id.*

#### 1. Fault

As set forth above, there are three key considerations to determine whether a sanctions for spoliation of evidence is appropriate. *See id.* Here, under the first consideration, the degree of fault of the party who destroyed the evidence, *see id.*, the court finds that Defendants bear a degree of fault for the destruction of the videotape evidence. Defendants had notice that Plaintiff was relying on the videotape evidence to support his claims of deliberate indifference. As a result, Defendants should have taken reasonable precautions in preserving the relevant videotape evidence. Defendants concede that this evidence has been destroyed. Thus, the court finds that Defendants' actions bear a degree of fault. *See id.*

### 2. **Prejudice**

Under the second consideration, the degree of prejudice suffered by the opposing party, *see id.*, the court finds that, under the circumstances of this case, Defendants' actions have not prejudiced Plaintiff. Plaintiff contends that his case has been rendered more difficult due to the spoliation of the videotape evidence. (Doc. 292 at 12.) However, Defendants counter that, despite not having the videotape evidence, Plaintiff can still testify to what occurred within the cell and who initiated the assault. (Doc. 295 at 9.) Further, Plaintiff has submitted declarations of several inmate witnesses, who were present at the time of the assault. (*Id.*) He also has relevant deposition testimony of another inmate witness, John Boskie. (*Id.*) In addition, Plaintiff can submit his medical records and photographic evidence into evidence at trial. (*Id.*) The court agrees with Defendants that because Plaintiff has a number of other resources by which to present at trial the circumstances surrounding the September 9, 2004 assault, he has not suffered prejudice by the loss of the videotape evidence. Thus, an adverse inference instruction against Defendants is not warranted. Further, because the court finds that Plaintiff has not been prejudiced, it need not discuss the third factor, whether there is a lesser sanction that will avoid

substantial unfairness to the opposing party. *See Schmid*, 13 F.3d at 79. Plaintiff's motion with respect to the videotape evidence will be denied.

### B. <u>Photographic Evidence</u>

In the instant motion, Plaintiff contends that an adverse inference instruction regarding the photographic evidence is warranted because several photographs of Plaintiff, inmate Smith, and their cell, have been lost. Specifically, Plaintiff claims that of the seven photographs that were taken directly following the September 9, 2004 assault, only four have been produced. (Doc. 292 at 2.) Plaintiff contends that these lost or missing photographs would have shown the extent and nature of the injuries to Plaintiff and inmate Smith, as well as the condition of the cell following the assault. (*Id*. at 10.) Defendants dispute Plaintiff's assertions, claiming that, to date, only four photographs of Plaintiff and inmate Smith have been found. (Doc. 295 at 9.) Further, Defendants assert that no photographs of the cell were taken following the assault. (*Id*.)

Turning to the first factor to be considered when an adverse inference instruction is requested, that the evidence in question must be within the party's control, *see Ogin*, 563 F. Supp. 2d at 543, Defendants agree with Plaintiff that photographs were taken of the injuries to Plaintiff and inmate Smith by prison

officials, (Doc. 295 at 10). Thus, these photographs were within Defendants' control. *See Ogin*, 563 F. Supp. 2d at 543. However, under the second factor, that it must appear that there has been actual suppression or withholding of the evidence, *see id.*, the court is not convinced that the additional three photographs were intentionally lost, misplaced or destroyed by Defendants, or even taken at all. In support of his contention, Plaintiff cites to inmate John Boskie's deposition, in which he opines that "probably about six" photographs were taken following the assault. (Doc. 291-8 at 46.) He was not certain what the photographs actually depicted, however. (*Id*. at 45-46.) Plaintiff also cites to his grievance filed with prison officials on September 10, 2004, in which he declares that photographs were taken of his injuries. (Doc. 291-9 at 3.) His grievance, however, does not mention the number of photographs taken. (*See id*.) Finally, he cites to his own declaration made in support of the instant motion. (Doc. 291-10 at 2, Ex. H.) Under these circumstances, the court cannot infer that Defendants intentionally lost, misplaced or destroyed the additional three photographs Plaintiff claims exist.

Moreover, in their response to the instant motion, Defendants contend that, even assuming that the three photographs were lost or misplaced, Plaintiff has not suffered any prejudice from the loss of such photographs. (Doc. 295 at 11.) The

10

court agrees. Plaintiff is still in possession of two photographs which depict his injuries and which can be introduced into evidence in support of his claim. Further, Plaintiff can testify as to the injuries associated with the photographs, such as the laceration to his forehead. He can also submit supporting medical records at trial. As such, an adverse inference instruction against Defendants is not warranted.

In sum, the court finds that Plaintiff has not shown that there was an actual suppression or withholding of the photographic evidence. Because Plaintiff has not satisfied the second factor for determining whether an adverse inference instruction shall apply, the court need not discuss the remaining two factors. Plaintiff's motion with respect to the photographic evidence will be denied.

## III. Conclusion

For the foregoing reasons, the court will deny Plaintiff's motion for summary judgment. The court will also deny Plaintiff's spoliation motion with respect to both the videotape and photographic evidence.

An appropriate order follows.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: October 13, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-06-01751 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **J. DAWSON,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for summary judgment, or in the alternative, for a spoliation charge (Doc. 291) is **DENIED**.

                                                        s/Sylvia H. Rambo
                                              United States District Judge

Dated: October 13, 2009.