# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | **CIVIL NO. 1:CV-06-01751** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **DAWSON, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Before the court is Plaintiff James A. Paluch's *nunc pro tunc* motion *in limine*. (Doc. 334.) For the reasons set forth below, the motion will be granted in part and denied in part.

## I.  Background

On September 7, 2006, Plaintiff commenced a civil action against Defendants in this court by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The case arises from an alleged assault on Plaintiff by his cell mate in their cell at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"). Plaintiff alleges that Defendants, who are several employees at SCI-Huntingdon, are liable for damages resulting from that assault.

By order dated September 18, 2006, the court directed service of the complaint. (Doc. 7.) Defendants filed an answer to the complaint, (Doc. 38), and

a period of discovery was completed on July 14, 2008, (*see* Doc. 163). On August 1, 2008, Defendants filed a motion for summary judgment. (Doc. 225.) By memorandum and order dated June 16, 2009, the court denied Defendants' motion for summary judgment. (Doc. 293.)

Following the denial of summary judgment, the court issued an order setting case management deadlines, including a deadline for filing motions *in limine*. (Doc. 294.) Plaintiff's counsel failed to timely file a motion *in limine* due to the difficulty in communicating with Plaintiff, who was incarcerated in the Restricted Housing Unit at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania. (*See* Doc. 334 at 1.) As such, the court will consider the instant *nunc pro tunc* motion *in limine*.[1]

## II. Discussion

Plaintiff wishes to exclude the following evidence and arguments from being introduced at trial: (1) any reference to Plaintiff's subsequent admission to the Special Management Unit ("SMU") or "lockdown;" (2) any reference to Plaintiff's arrest, criminal conviction, sentence or the facts of his crime; (3) any

---

[1] The court notes that while Defendants have filed a brief in opposition to the instant motion, (Doc. 343), the argument contained therein does not relate or respond to Plaintiff's requests set forth in the instant motion.

reference to Plaintiff's administrative finding of misconduct concerning this incident by the Department of Corrections ("DOC"); and (4) testimony from Defendant Smith denying his liability for the assault because there is a default judgment entered in this case as to him. (Doc. 334 at 1-2.) The court will discuss these requests in turn.

### A. Reference to Plaintiff's Subsequent Admission to the SMU or Lockdown

Plaintiff contends that evidence of Plaintiff's admission to the SMU or lockdown subsequent to the September 9, 2004 assault is irrelevant and prejudicial. The court agrees.

Under Rule 401 of the Federal Rules of Evidence, "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the fact that Plaintiff was admitted to the SMU or lockdown subsequent to September 9, 2004 has no relation to any factual determination involved in this case. Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

**B.     Reference to Plaintiff's Arrest, Criminal Conviction, Sentence or the Facts of His Crime**

Plaintiff contends that evidence of Plaintiff's arrest, criminal conviction, sentence or the facts of his crime is irrelevant and prejudicial. The court agrees. Here, the fact that Plaintiff was arrested and convicted of a crime prior to the September 9, 2004, has not relation to any factual determination in this case. *See* Fed. R. Evid. 401. Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

**C.     Reference to the DOC's Finding of Misconduct by Plaintiff Concerning the September 9, 2004 Assault**

Plaintiff contends that the administrative findings of the DOC with respect to Plaintiff's misconduct issued for the September 9, 2004 assault should be excluded as unduly prejudicial. Plaintiff also contends that this evidence should be excluded in order to avoid interference with the jury's function of determining the ultimate issue of fact in this case. The court agrees.

Under Rule 403 of the Federal Rules of Evidence, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Here, the initial misconduct report with respect to Plaintiff's role in the September 9, 2004 assault was issued by a defendant in this case. The DOC's

4

subsequent finding on that misconduct involves DOC employees who are defendants in this case. Further, that administrative finding goes to the very issue that must be determined by the jury in this case. As a result, this evidence should be excluded so as not to interfere with the jury's function as factfinder in this case. Moreover, the probative value of this evidence would prove to be substantially outweighed by the danger of prejudice to Plaintiff. *See* Fed. R. Evid. 403. Therefore, any references to the DOC's administrative findings of misconduct on Plaintiff's part with respect to the September 9, 2004 assault shall be precluded.

**D.  Defendant Smith's Testimony Denying His Liability for the September 9, 2004 Assault**

Plaintiff contends that because default judgment was entered against Defendant Smith in this case, he should not be allowed to deny liability for assaulting Plaintiff on September 9, 2004. In a brief in response to the court order issued following the pre-trial conference, Defendants counter that they are not offering Smith's testimony to refute his liability; rather, they are offering it to show that they were not deliberately indifferent and that Plaintiff instigated the fight on September 9, 2004. (Doc. 351 at 7.) Upon review, the court will allow the testimony of Defendant Smith, but will provide a cautionary instruction with respect to that testimony. Therefore, Plaintiff's motion shall be denied with

respect to the preclusion of Defendant Smith's testimony.

The court, however, will not permit any misconduct reports filed against Defendant Smith to be entered into evidence in this case. In their responsive brief, Defendants cite to case law from the United States District Court for the Western District of Pennsylvania in support of entering such misconduct reports. In *Brown v. Worstell*, 2005 U.S. Dist. Lexis 15274 (W.D. Pa. July 28, 2005), the inmate plaintiff alleged that the defendant corrections officer used excessive force upon him in violation of the Eighth Amendment, while the defendant corrections officer alleged that the plaintiff had assaulted him. *Id*. at *2. The inmate was issued a misconduct arising out of the incident and was found guilty. *Id*. at *3-4. In holding that the misconduct report was admissible, the Western District Court stated:

> The parties have conflicting views on what actually happened on that day. As such, credibility is extremely important. Certainly, the misconducts call Brown's credibility into question. The fact that Brown was found to have been guilty of assault and refusing to obey an order contradicts his claim that Worstell attacked him unprovoked and also undermines his claim of fear of assault by corrections officers. Further, Brown claims to have sustained back injuries as a result of the September 29, 2001 encounter. The misconduct charges suggest that any injuries sustained were as a result of his own conduct, rather than as a result of Worstell's.

*Id*. at *5-6. Here, as in *Worstell*, the plaintiff's credibility is at issue. However,

the court disagrees with the Western District's reasoning as it applies to the relevance of the misconduct reports in such a case. Instead, just as the administrative finding with respect to Plaintiff's role in the September 9, 2004 assault should be precluded in order to prevent interference with the jury's role as factfinder, so too should the administrative finding with respect to Defendant Smith's misconduct report be precluded. Thus, Defendant Smith's misconduct concerning the September 9, 2004 assault shall be precluded.

### III. Conclusion

Based on the foregoing, Plaintiff's *nunc pro tunc* motion *in limine* will be granted in part and denied in part.

An appropriate order will issue.

             s/Sylvia H. Rambo
             United States District Judge

Dated: October 15, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | CIVIL NO. 1:CV-06-01751 |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | |
| **DAWSON, et al.,** | : | |
| | : | |
| Defendants | : | |

## O R D E R

**AND NOW**, this 15th day of October, 2009, upon consideration of Plaintiff's *nunc pro tunc* motion *in limine* (Doc. 334), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion (Doc. 334) is **GRANTED** in part and **DENIED** in part as follows:

1) The motion (Doc. 334) is **GRANTED** in part as follows:

    a) References to Plaintiff's subsequent admission to the SMU or lockdown are precluded.

    b) References to Plaintiff's arrest, criminal conviction, sentence or the facts of his crime are precluded.

    c) References to the DOC's finding of misconduct by Plaintiff concerning the September 9, 2004 assault are precluded.

d) References to Defendant Smith's misconduct report concerning the September 9, 2004 assault are precluded.

2) The motion (Doc. 334) is **DENIED** in part as follows: Defendant Smith will be permitted to testify with respect to his liability for the September 9, 2004 assault. However, prior to that testimony, the court will provide a cautionary instruction.

s/Sylvia H. Rambo  
United States District Judge
