IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-06-1751** |
| v. | : | **(Judge Rambo)** |
| **JOHN DAWSON,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff James A. Paluch's motion for reconsideration of the court's order of February 22, 2010 (Doc. 427), denying his motion for court intervention (Doc. 430). For the reasons that follow, the instant motion (Doc. 430) will be denied.

## **I.    Background**

Plaintiff, an inmate formerly incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983, naming four SCI-Huntingdon corrections officers ("Corrections Defendants") and Roger Smith, his former cell mate at SCI-Huntingdon. (Doc. 1.) In the complaint, he contends that Corrections Defendants failed to protect him from Smith, despite knowing of Smith's history of aggressive

and assaultive behavior.  Plaintiff also claims he made multiple requests for a cell move or separation from Smith.  Plaintiff contends that Corrections Defendants' deliberate indifference led to Smith assaulting him in their cell on September 9, 2004, causing Plaintiff physical and psychological injuries.

After a two day trial, a jury rendered a verdict in favor of the Corrections Defendants on October 28, 2009.  (*See* Doc. 385.)  Plaintiff appealed the judgment. (Doc. 388.)  On February 4, 2010, the Third Circuit Court of Appeals dismissed the appeal for failure to pay the required filing fee.  (Doc. 419.)

Further, by order dated October 28, 2009, the court severed Defendant Roger Smith from the trial and scheduled a damages trial for Plaintiff's claims against Smith. (Doc. 376.)  That damages trial is scheduled for June 28, 2010.  (*See* Doc. 428.)

On February 4, 2010, Plaintiff filed a motion for court intervention, seeking further access to his stored legal material in preparation for his appeal in this case and asserting that mailroom staff at the State Correctional Institution at Smithfield ("SCI-Smithfield"), his current place of confinement, are tampering with his legal mail. (Doc. 417.)  On February 22, 2010, the court denied the motion, but permitted Plaintiff to go through one box of legal materials at a time in order to pull pertinent medical documents to support his allegations related to the upcoming damages trial

involving Plaintiff and Defendant Smith. (Doc. 427.) The court also directed that Plaintiff be permitted to keep the pulled medical documents in his cell in anticipation of the June 28, 2010 damages trial. (*Id.*) Further, the court reminded SCI-Smithfield officials that under Pennsylvania Department of Corrections' policy, "[m]ail from a court or an inmate's attorney will be opened for the first time in the presence of the inmate and inspected for contraband, but not read." *See* DC-ADM 803, "Inmate Mail and Incoming Publications Procedures Manual," *available at* http://www.cor.state.pa.us. (Doc. 427 n.1.)

Consequently, Plaintiff filed the instant motion for reconsideration of the court's order denying the motion for court intervention. (Doc. 430.) In his motion, Plaintiff repeats his allegations with respect to retaliation by SCI-Smithfield staff and confiscation of his legal property. After careful review, the court will deny the motion.

**II. Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking

reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."

*Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Plaintiff's restated arguments do not constitute new evidence that was unavailable when the court entered judgment. Furthermore, the court remains confident that the directive relating to Plaintiff pulling relevant medical records for the upcoming damages trial, as set forth in the February 22, 2010 order, is sound. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: March 30, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | |
| | : | |
| Plaintiff | : | **CIVIL NO. 1:CV-06-1751** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **JOHN DAWSON,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 430) is **DENIED**.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: March 30, 2010.