# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | CIVIL NO. 1:CV-06-01751 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **ROGER SMITH,** | : | |
| **Defendant** | : | |

## **M E M O R A N D U M**

Before the court are Plaintiff James A. Paluch, Jr.'s motions *in limine*. (Docs. 487 & 488.) For the reasons set forth below, the court will grant in part and deny in part the first motion *in limine*, (Doc. 487), and grant the second motion *in limine*, (Doc. 488).

## I. Background

On September 7, 2006, Plaintiff commenced a civil action against Defendant Smith and four corrections officers from State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon") ("DOC Defendants") by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The case arises from an alleged assault on Plaintiff by his cell mate, Defendant Smith, in their cell at SCI-Huntingdon. Plaintiff alleged that all Defendants are liable for damages resulting from that assault.

On April 2, 2007, a default judgment was entered against Defendant Smith

for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (*See* Doc. 57.) The matter proceeded to trial as to the DOC Defendants. Following a three-day jury trial which commenced on October 26, 2009, the jury returned a verdict in favor of the DOC Defendants on October 28, 2009. (*See* Doc. 379.) Judgment was entered in favor of DOC Defendants on October 29, 2009. (*See* Doc. 385.)

By order dated October 28, 2009, the court severed Defendant Smith from that jury trial and stated that a damages trial on Plaintiff's claims against Roger Smith would be held at some future date. (Doc. 376.) That damages trial is scheduled for July 21, 2010. In advance of the trial, Plaintiff has filed the instant motions *in limine*.

## II. Discussion

Plaintiff wishes to exclude various evidence and arguments from being introduced at trial. The court will discuss these requests in turn.

### A. Request No. 1

Plaintiff requests that Defendant Smith be precluded from speaking about Plaintiff's criminal conviction or the specifics surrounding his criminal conviction because such evidence is irrelevant and prejudicial. The court agrees.

Under Rule 401 of the Federal Rules of Evidence, "relevant evidence" is

"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the fact that Plaintiff was arrested and convicted of a crime prior to September 9, 2004, has no relation to any determination of damages in this case. *See id.* Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

### B. Request No. 2

Plaintiff requests that references to the following evidence be precluded as such evidence is irrelevant and prejudicial: any misconduct reports issued to Plaintiff before, on, or after September 9, 2004; and, Plaintiff's placement in the Restricted Housing Unit ("RHU"), including the Special Management Unit ("SMU") or administrative custody, before and after September 9, 2004. The court agrees. Here, the fact that Plaintiff was issued misconduct reports prior to the September 9, 2004 assault or that he was admitted to the RHU, SMU or administrative custody prior to and subsequent to September 9, 2004, has no relation to any determination as to damages in this case. *See* Fed. R. Evid. 401. Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

### C. Request No. 3

Plaintiff requests that Defendant Smith be precluded from testifying that

Plaintiff was the cause of an assault committed upon Defendant Smith in July 2008 because such evidence is irrelevant and prejudicial. The court agrees. Here, the fact that Defendant Smith was involved in an assault in July 2008, nearly four years after the assault at issue in this case, has no relation to any determination as to damages in this case. *See* Fed. R. Evid. 401. Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

### D. Request No. 4

Plaintiff requests that Defendant Smith be precluded from testifying that Plaintiff offered him money to accept the blame for the misconduct report issued as to the September 9, 2004 assault because such evidence is irrelevant and prejudicial. The court agrees. Here, such an allegation has no relation to any determination of damages in this case. *See* Fed. R. Evid. 401. Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

### E. Request Nos. 5 - 7

Plaintiff requests that no reference be made to the September 9, 2004 assault as a "fight" or "cell fight," as such references would prejudice Plaintiff because liability has already been determined as to Defendant Smith. He further requests that Defendant Smith be precluded from testifying that Plaintiff initiated the incident. While the court agrees that liability has already been determined as to

4

Defendant Smith, the court fails to understand how a reference to the assault as a "fight," or that it was initiated by Plaintiff, would prejudice Plaintiff at this point as to damages only, given the prior determination of Defendant Smith's liability. Thus, this request will be denied.

### F. Request No. 8

Plaintiff requests that Defendant Smith be precluded from testifying that Plaintiff offered to have his father send him money in exchange for accepting responsibility for a separate incident involving a mouse on a food tray because such evidence would be irrelevant and prejudicial. The court agrees. Here, such an allegation has no relation to any determination of damages in this case. *See* Fed. R. Evid. 401. Therefore, any references to this evidence shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

### G. Request No. 9

Plaintiff requests that Defendant Smith be precluded from presenting "any defenses to Plaintiff's claims for damages at trial." (Doc. 487 ¶ 9.) The court has already reminded Plaintiff that Defendant Smith shall be permitted to counter Plaintiff's witnesses and evidence as to the very fact of his injuries and resulting medical conditions with his own witnesses and evidence disputing the very fact of Plaintiff's injuries and resulting medical conditions. (*See* Doc. 446.) Thus, this request will be denied.

### H. Request No. 10

In his first motion *in limine*, Plaintiff also requests the right to timely amend and/or file supplemental motions *in limine* "once he has access to all of his legal properties (*i.e.*, deposition transcripts, discovery, *pro se* work product, etc.)." (Doc. 487 ¶ 10.) The court has already reminded Plaintiff that the only documents necessary for this damages trial are Plaintiff's medical records. (*See* Doc. 461.) Thus, this request will be denied.

### I. Request No. 11

In his first motion *in limine*, Plaintiff also requests the right to timely amend and/or file supplemental motions *in limine* "once he has adjudicative discovery to the identity of the names of the witnesses Def. Smith intends to call at trial and the documents Def. Smith intends to use against Pltf. at trial, before trial commences." (Doc. 487 ¶ 11.) This request will be denied.

### J. Request No. 12

In his first motion *in limine*, Plaintiff also requests that any issues not raised in the instant motions *in limine* not be considered waived. The court will deny this request.

### K. Request No. 13

In his second motion *in limine*, Plaintiff requests that Defendant Smith and

any of his witnesses be precluded from testifying to nature of the determination of his liability, *i.e.*, default judgment, because such evidence is irrelevant and prejudicial. The court agrees. Here, the fact that default judgment was entered against Defendant Smith has no relation to any determination as to damages in this case. *See* Fed. R. Evid. 401. Therefore, any references to the default judgment shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

### L. Request No. 14

Plaintiff requests that Defendant Smith and any of his witnesses be precluded from testifying to the fact that there were other defendants in this case, that he had been severed from a trial involving those other defendants, and that the jury in that case found for those defendants, because such evidence is irrelevant and prejudicial. The court agrees. Here, the fact that there were other defendants in this case, that Defendant Smith was severed from the trial involving those defendants, and that the jury in that case found for those defendants, has no relation to any determination as to damages in this case. *See* Fed. R. Evid. 401. Therefore, any references to the trial involving DOC Defendants shall be inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402.

## III. Conclusion

Based on the foregoing, Plaintiff's first motion *in limine* (Doc. 487) will be

granted in part and denied in part. Further, Plaintiff's second motion *in limine* (Doc. 488) will be granted.

An appropriate order will issue.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: July 16, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | CIVIL NO. 1:CV-06-01751 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **ROGER SMITH,** | : | |
| **Defendant** | : | |

## O R D E R

**AND NOW**, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's first motion *in limine* (Doc. 487) is **GRANTED** in part and **DENIED** in part as follows:

1) The motion (Doc. 487) is **GRANTED** in part as follows:

   a) References to Plaintiff's arrest, criminal conviction, sentence or the facts of his crime are precluded.

   b) References to Plaintiff's misconduct reports prior to September 9, 2004 or to his admission to the RHU, SMU or administrative custody are precluded.

   c) References to the cause of a July 2008 assault involving Defendant Smith are precluded.

d) References to allegations of Plaintiff offering Defendant Smith to accept blame for the misconduct report issued as to the September 9, 2004 assault are precluded.

e) References to the separate incident involving a mouse on a food tray are precluded.

2) The motion (Doc. 487) is **DENIED** in part as follows:

a) Plaintiff's request that Defendant Smith be precluded from referring to the September 9, 2004 assault as a "fight," among other terms, is **DENIED**.

b) Plaintiff's request that Defendant Smith be precluded from presenting witnesses and evidence countering the very fact of Plaintiff's injuries and resulting medical conditions is **DENIED**.

c) Plaintiff's requests to timely amend and/or supplement his motions *in limine* once he has further access to legal materials and once Defendant Smith provides a list of witnesses and documents to present at trial, is **DENIED**.

d) Plaintiff's requests that any issues not raised in these motions *in limine* not be considered waived is **DENIED**.

3) Plaintiff's second motion *in limine* (Doc. 488) is **GRANTED** as follows:

a) References to Defendant Smith's default judgment are precluded.

b) References to the fact that there were other defendants in this case, that Defendant Smith had been severed from a trial involving those other defendants, and that the jury in that case found for those defendants, are precluded.

>   s/Sylvia H. Rambo
>   SYLVIA H. RAMBO
>   United States District Judge

Dated: July 16, 2010.